REDMANN, Judge.
Plaintiffs owned a motel they agreed under a bond for deed contract to sell to defendant for a price of $700,000 payable in monthly installments of $6,689.90 including annual interest of 8%. When defendant asked for title by credit sale (plaintiffs say on a representation defendant needed title to get a Small Business Administration loan to improve the motel), plaintiffs agreed to and did sell for $840,000 with $677,000 on credit with 9% yearly interest on the unpaid balance.
Plaintiffs now appeal from the dismissal of their suit to rescind the credit sale as obtained by fraud or, alternatively, to foreclose the mortgage because of defendant’s breach of the obligation to “keep the property in as good order and condition as it now is and [not to] commit or permit any waste thereof” by improper maintenance and by filling in a swimming pool. We affirm.
Plaintiffs got what they bargained for in the credit sale, namely a higher price and a higher rate of interest. There was no other bargain, especially that the SBA (or other) loan was to accomplish specified improvements, and plaintiffs cannot rescind their contract because of unbargained-for expectations that remain unfulfilled. Defendant offered evidence that in fact it did obtain funds from elsewhere and did accomplish the improvements that it intended.
On the question of maintenance, the court-appointed expert reported that the building had not deteriorated structurally and was in good repair, and, though there had been maintenance problems, the maintenance was proper as of the time of trial. One further related argument by plaintiff is that defendant was obliged to remain a Best Western Motels franchise holder and did not. We find no such obligation. The addendum to the bond-for-deed obliges plaintiff to assist defendant in remaining a franchise holder, but does not oblige defendant to remain one.
On the waste question, the factual circumstance is that, after the drowning of a young child in the small, unfenced swimming pool, defendant filled the pool with mud and covered it with concrete. There is no expert evidence that the pool cannot be reclaimed. There is evidence suggesting that fencing the pool would have been objectionable as an obstacle to other uses of the motel. Moreover, fencing could itself have been argued to be a violation of the credit sale’s terms. There is also evidence that the motel continues to operate at a very high occupancy, suggesting that the pool was not a significant asset of the motel as a motel in any case and that its unavailability does not constitute a detriment to the mortgage security (although the mere fact that the security is not reduced in value would not defeat foreclosure if part of the mortgaged asset had been conveyed to a third person, as in Federal Land Bank of N. O. v. Mulhern, 1934, 180 La. 627, 157 So. 370, 95 A.L.R. 948). We compare this case to one where a homeowner would chop down a tree (especially if dangerous, e. g., because rotting): that may arguably constitute waste of the property, but it cannot be construed to be the substantial waste that alone could reasonably be intended by the parties to justify mortgage foreclosure.
Affirmed.